

# MCAD Fact Sheet
# Criminal Offender Record Information Administrative Procedure Reforms
November 2010

On August 6, 2010, Governor Deval Patrick signed into law Chapter 256 of the Acts of 2010, "An Act Reforming the Administrative Procedures Relative to Criminal Offender Record Information and Pre- and Post-Trial Supervised Release" ("CORI Reform"). Effective November 4, 2010, the Act prevents employers from seeking disclosure of job applicants' criminal record information prior to the interview stage of the hiring process.[1] This law is subject to two limited exceptions discussed below. The law, codified at G.L. c. 151B, § 4(9½) (www.malegislature.gov/Laws/SessionLaws/Acts/2010/Chapter256), is enforced by the Massachusetts Commission Against Discrimination (MCAD).

In addition to this new subsection, the MCAD will continue to retain enforcement authority over the existing Massachusetts Criminal Records Statute, G.L. c. 151B, § 4(9), which prohibits employers from asking prospective or current employees to furnish certain criminal information on a written application or in response to an oral inquiry. Moreover, Section 4(9) prohibits an employer from taking an adverse employment action against an applicant or employee because of criminal history information the employer obtained unlawfully (www.malegislature.gov/Laws/GeneralLaws/PartI/TitleXXI/Chapter151B/Section4).

***

Under the newly revised criminal offender record laws, an employer may not:

    Prior to the interview, ask a job applicant to provide any information about his/her criminal history on a written application unless the employer or the position falls within a statutory exception. G.L. c. 151B, § 4(9½).

    Prior to the interview, ask an applicant whether he or she has been convicted of a felony or a misdemeanor on a written application, unless the employer or the position falls within a statutory exception. G.L. c. 151B, § 4(9½).[2]

    Ask an applicant to obtain a copy of his or her CORI record for the employer. G.L. c. 6, § 172;[3]

---

[1] This Fact Sheet applies only to those sections of the CORI Reform law that go into effect on November 4, 2010 and are enforced by the MCAD.

[2] This is a departure from existing law that allowed an employer to ask about felony and certain misdemeanor convictions.

Ask an applicant or current employee, in writing or orally, about a prior arrest, detention, or disposition that did not result in a conviction. G.L. c. 151B, § 4(9);

Ask an applicant or current employee, in writing or orally, about a prior first conviction for any of the following misdemeanors: drunkenness, simple assault, speeding, minor traffic violations, affray, or disturbance of the peace. G.L. c. 151B, § 4(9);

Ask an applicant or current employee, in writing or orally, about a conviction of a misdemeanor where the date of the conviction predates the inquiry by more than 5 years. G.L. c. 151B, § 4(9);

Ask an applicant or current employee, in writing or orally, about sealed records or juvenile offenses.[4]

## Frequently Asked Questions

Q1. *What employers are affected by the CORI laws?*

A1. Employers who employ six or more persons are subject to the provisions of G.L. c. 151B. Public employers are included regardless of the number of people employed.

Q2. *Does this law apply to temporary employment agencies?*

A2. If the employer and the temporary employment agency are found to be "joint employers," the temporary employment agency as well as the employer are subject to the provisions of G.L. c. 151B, §§ 4(9), (9½). See Burlamachi v. Dupont Merck, 22 MDLR 35, 39 (2000), aff'd, 24 MDLR 9 (2002); Angela Stanley v. The Gillette Co., 2 MDLR 1203 (1980).

Q3. *When an employer uses workers placed by a temporary agency, who are later converted to regular full-time positions with the employer, will an employment application provided by the employer upon the conversion to regular full-time status be considered an "initial" written application?*

A3. The temporary employee is "applying" for permanent placement with the employer. Therefore, all written applications for that employment must be in compliance with G.L. c. 151B, §§ 4(9), 4(9½).

---

[3] This law is enforced by the Criminal History Systems Board (CHSB), which could sanction employers for any violations. G.L. c. 6, §168. However, a violation of G.L. c. 6, §168, could be used as evidence in a case involving a violation of G.L. c. 151B, §§4(9) or (9 ½).

[4] MCAD and Hanson v. Mass. Dep't of Social Services, 28 MDLR 42, 43 (2006) (Full Commission decision affirming that juvenile offenses fall within the scope of G.L. c. 151B, § 4(9)).

Q4. *Are the prohibitions set forth in G.L. c. 151B, §§ 4(9) and 4(9½) applicable to in-state employers only?*

A4. Any employer that does business in Massachusetts and takes applications in Massachusetts is subject to G.L. c. 151B, §§ 4(9), 4(9½). The Commission will consider other scenarios on a case-by-case basis.

Q5. *Can a national or international employer use a standard application with a disclaimer for Massachusetts applicants?*

A5. National and international employers may use standard application forms if the form contains explicit instructions that the employer is prohibited from obtaining criminal history information from the employee (unless one of the exceptions set forth in G.L. c. 151B, § 4(9½) applies) and the employer properly disclaims. The employer's disclaimer must be clear and unambiguous, in boldface type and placed and printed to attract the reader's attention. For example:

## **MASSACHUSETTS APPLICANTS ONLY:**
**Under Massachusetts law, an employer is prohibited from making written, pre-employment inquiries of an applicant about his or her criminal history. MASSACHUSETTS APPLICANTS SHOULD NOT RESPOND TO ANY OF THE QUESTIONS SEEKING CRIMINAL RECORD INFORMATION.**

Q6. *May an employer inquire orally about the applicant's criminal history during the interview?*

A6. This depends on the specific information the employer seeks from the applicant. G.L. c. 151B, § 4(9½) prohibits employers from seeking criminal history information by written application, and therefore does not apply. G.L. c. 151B, § 4(9), however, restricts employers from making certain written and oral inquiries directly to an applicant **or** employee. Specifically, G.L. c. 151B, § 4(9) prohibits employers from asking orally or in writing about:

> An arrest that did not result in a conviction;
> A criminal detention or disposition that did not result in a conviction;
> A first conviction for any of the following misdemeanors: drunkenness, simple assault, speeding, minor traffic violations, affray, or disturbance of the peace;
> A conviction for a misdemeanor where the date of the conviction predates the inquiry by more than 5 years; and
> Sealed records and juvenile offenses.

During an interview or thereafter, an employer can ask about convictions so long as *the employer does not ask about any offenses set forth in G.L. c. 151B, § 4(9)*. (See above).

Q7.  *Are any employers excepted from compliance with G.L. c. 151B, § 4(9½)?*

A7.  There are two exceptions to the blanket prohibition against asking an applicant or employee for criminal history information on a written application. An employer may ask about criminal convictions if:

1. The applicant is applying for a position where federal or state law or regulation creates a mandatory or presumptive disqualification based on a conviction for 1 or more types of criminal offenses, or
2. The employer or an affiliate is subject by federal or state law or regulation not to employ persons in 1 or more positions who have been convicted of 1 or more types of criminal offenses.

A "regulation" will only create a mandatory or presumptive disqualification if it was promulgated in accordance with G.L. c. 30A, for state regulations, and 5 U.S.C. §§ 551 et seq., for federal regulations. The Commission considers an employer to be mandatorily disqualified if a properly promulgated statute or regulation specifically bars the employer from hiring an applicant with a particular criminal conviction. For example, if a properly promulgated regulation specifically prohibits an employer from hiring an employee convicted of a felony, the employer falls into the first exception, and may make a pre-interview inquiry in writing about a felony conviction. By way of further example, the Executive Offices of Health and Human Services' ("EOHHS") CORI regulations, 101 CMR 15.00 et seq., do not create mandatory or presumptive disqualifications. While the EOHHS Secretary or agency Commissioner or their designees have five days to disapprove a hiring authority's decision to hire a candidate who has been convicted of or has any pending Table A crimes, there is no mandatory or presumptive disqualification. See 101 CMR 15.09(3)(a).

The second exception would apply, for example, to banks, their parents and subsidiaries, which are required by federal law to make inquiries about whether a job applicant has been convicted of a crime that involves dishonesty, breach of trust or money laundering. 12 U.S.C. §1829. Covered institutions are exempted from G.L. c. 151B, § 4(9½) for inquiring about these types of criminal offenses.

The MCAD will assess each fact pattern on a case-by-case basis. It is advisable to seek legal counsel as to whether a specific employer falls into one of the two exceptions, or to contact the applicable governmental entity that enforces the statute or regulation.

Q8.  *What kinds of pre-employment forms fall within the scope of G.L. c. 151B, § 4(9½)?*

A8.  Consistent with the legislative intent behind CORI Reform[5], the MCAD will presume that a written application or form requesting criminal background information prior to an interview is part of the "initial written application."

---

[5] In promulgating this law, the Massachusetts Legislature intended to give prospective employees the opportunity to meet employers before disclosing their criminal histories, thereby reducing barriers to employment applicants with a criminal history face. See Summary of Conference Committee Final Report, S. 220 and H. 4712 (July 30, 2010).

Q9. *How does the new law, G.L. c. 151B, § 4(9½), affect an applicant with disability whose disability renders him or her unable to complete a written application?*

A9. Where an applicant self-identifies as disabled and seeks a modification to the application process such that the application will be completed orally rather than in writing, employers should refrain from seeking criminal background information until the time of the interview. Unless the employer falls into one of the two statutory exceptions, the MCAD will consider any inquiry (including an oral one) prior to the interview that seeks prohibited criminal record information in the modified or adjusted application process to be in violation of G.L. c. 151B, § 4(9½) and/or G.L. c. 151B, § 4(16).

Q10. *Will the Commission consider cases based on the theory that consideration of criminal records disparately impacts a particular protected class?*

A10. In appropriate cases, the Commission may review whether the use and consideration of criminal records as a criterion for hiring has a discriminatory impact on a particular protected class.

Q11. *How do G.L. c. 151B, §§ 4(9) and 4(9½) affect employers who participate in the Work Opportunity Tax Credit (WOTC) program?*

A11. In appropriate cases, the MCAD may decline to authorize an investigation against a valid participant of the WOTC program. If an employer is a participant in the WOTC program and is named in a criminal offender records claim, the employer should provide the MCAD with a copy of the employer's IRS Form 8850 ("Pre-Screening Notice and Certification Requirement for the Work Opportunity Credit").