UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 1:24-cv-10391-JEK

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| MORGAN STANLEY & CO., LLC, | ) ) |
| Defendant | ) |

## AFFIDAVIT OF STEPHEN CHURCHILL

I, Stephen Churchill, state as follows.

1.  I am a 1988 graduate of Stanford University and a 1993 graduate of Harvard Law School. During law school, I worked for two years at the Harvard Legal Aid Bureau, including a year as its Executive Director. In that position, I served on the intake committee, which screened many cases for potential representation by the Bureau.

2.  During my legal career of more than 30 years, I have focused almost exclusively on employment law.

3.  After graduating law school, I worked for one year at a plaintiff's employment firm, followed by ten years at Conn Kavanaugh, a 20-plus attorney firm in Boston, where I worked as an associate and then a partner. During my time at Conn Kavanaugh, I represented both employees (in discrimination, non-compete, and other cases) and employers (including cases for Raytheon Company; Metropolitan Life Insurance Company; Avon Products, Inc.; and numerous smaller employers).

4. From 2004 to 2010, I worked at Harvard Law School, running the Employment Civil Rights Clinic at the WilmerHale Legal Services Center. The Clinic represented lower income workers presenting claims of employment discrimination. Over the course of my six years at the clinic, I advised, counseled, or represented a large number of workers.

5. From 2010 to 2013, I worked at Lichten & Liss-Riordan, P.C., an employment law firm, handling both individual and class action litigation on behalf of employees. While at LLR, I consulted with a large number of employees seeking legal representation. I also communicated with a large number of employees who were class members in class actions, most commonly to address their concerns about what would happen to them if they filed claims in cases that had settled on a class basis.

6. In 2013, I co-founded Fair Work, P.C., a firm dedicated to representing employees in workplace disputes, including both individual and complex class action cases. Fair Work handles individual and class action cases in Massachusetts and across the country. Like at LLR, I have consulted with a large number of employees seeking legal representation, and I have communicated with a large number of class members.

7. From 2007 to the present, I have taught at least two employment law courses each year at Harvard Law School, one focusing on advocacy skills and one focusing on the enforcement of employment laws. The students enrolled in these classes have clinical placements and regularly report back, during class sessions, about their experiences with workers. I also teach a doctrinal course on employment discrimination. I continue to direct HLS's employment law clinic.

8. Based on my 30-plus years of experience, I have a deep knowledge of employment law matters, including cases of employment discrimination. I also have extensive experience with class actions. Indeed, over the course of my career, I have worked as plaintiffs' counsel in

numerous class actions, in both Massachusetts and other states. I have been designated as class counsel by numerous courts.

9.      Over the course of my career, I have been counsel on numerous reported cases, in both state and federal court. I have worked individually or with co-counsel to obtain favorable rulings in the following more recent cases, among other cases, *Brookings v. Northeastern Univ.*, ___ F. Supp. 3d ___ (D.Mass. 2024); *Sellers v. Trustees of Boston Coll.*, ___ F. Supp. 3d. ___ (2024); *Prinzo v. Hannaford Bros. Co., LLC*, 343 F.R.D. 250 (D.Mass. 2023); *Gonzalez v. XPO Last Mile, Inc.*, 2022 WL 95930 (D.Mass. Jan. 10, 2022), *Weiss v. Loomis, Sayles & Company, Inc.*, 97 Mass. App. Ct. 1 (2020), *Gammella v. P.F. Chang's China Bistro, Inc.*, 482 Mass. 1 (2019), *Sullivan v. Sleepy's LLC*, 482 Mass. 227 (2019), *Lavery v. Restoration Hardware Long Term Disability Benefits Plan*, 937 F.3d 71 (1st Cir. 2019), *Ouadani v. TF Final Mile LLC*, 876 F.3d 31 (1st Cir. 2017), *Malebranche v. Colonial Automotive Group*, 2017 WL 5907557 (Mass. Super. Ct. Oct. 20, 2017), *Mooney v. Domino's Pizza, Inc.,* 2016 WL 4576996 (D.Mass. Sep. 1, 2016), *Reeves v. PMLRA Pizza, Inc.,* 2016 WL 4076829 (D.Mass. Jul. 29, 2016), *Craig v. Sterling Lion, LLC,* 2016 WL 239299 (Mass. App. Ct. Jan. 21, 2016), *Smith v. City of Boston,* 144 F. Supp. 3d 177 (D.Mass. 2015), *Vitali v. Reit Management & Research, LLC*, 88 Mass. App. Ct. 99 (2015), *Carpaneda v. Domino's Pizza, Inc.,* 89 F. Supp. 3d 219 (D.Mass. 2015), *Parham v. Wendy's Co.*, 2015 WL 1243535 (D.Mass. Mar. 17, 2015), *Carpaneda v. Domino's Pizza, Inc.,* 991 F. Supp. 2d 270 (D.Mass. 2014), *Torres v. Niche, Inc.*, 2013 WL 6655415 (D.Mass. Dec. 18, 2013), *Depianti v. Jan-Pro Franchising International, Inc.*, 465 Mass. 607 (2013), *Lopez v. Commonwealth of Massachusetts*, 463 Mass. 696 (2012), and a number of earlier cases.

10. I have tried many cases, including cases in federal court, in state court, in arbitration, and in administrative agencies (including the Massachusetts Commission Against Discrimination) and have won substantial verdicts and judgments on behalf of employees.

11. For most of my career, including the last 20 years or so, I have almost always represented clients on a contingency basis, meaning that the need to pay out-of-pocket legal fees has not served as a deterrent for any clients or potential clients with whom I have consulted or worked.

12. Based on my experience, in cases where I believed a worker had potentially actionable claims, the primary concerns that workers expressed to me when considering whether to take or participate in any legal action is how it will affect them in the future. Likewise, based on numerous discussions I have had with other attorneys who represent workers, and with students who have worked with such attorneys, their experience with workers has been the same as mine. I also have reviewed a number of articles and studies that document the significant extent to which a worker's fear about future consequences affects the decision about whether to pursue legal action.

13. The fear that employees express about adverse effects on future employment have increased over time, as the Internet has made case information more readily available. Now, with both Massachusetts state court and federal court dockets available online, with increasingly powerful tools to search the Internet for relevant information, and with an increased reliance by employers on more sophisticated background checks, there is a concomitantly greater risk to employees who bring legal action against their employers.

Signed under the penalties of perjury this 2nd day of May, 2024.

*/s/ Stephen Churchill*
Stephen Churchill

4